UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LEEANN PUCKETT as the Personal Representative of the Estate of Kyle Puckett, and SALEA GOSSMAN on Behalf of and as next friend of her natural Daughter, N.P., | ) ) ) ) ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Cause No.:_____ |
| | ) |
| CITY OF EVANSVILLE, and BRENTON SUMRALL, NATHAN PITT KYLE DENNIS, JEREMY MCREARY, and BLAKE HOLLINS | ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

**To:    The United States District Court**
**Southern District of Indiana**
**Evansville Division**
**Winfield K. Denton Federal Building & U.S. Courthouse**
**101 Northwest Martin Luther King Blvd.**
**Evansville, IN 47708**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants City of Evansville, and

Brenton Sumrall, Nathan Pitt, Kyle Dennis, Jeremy McCreary and Blake Hollins ("Defendants"),

by counsel, file their Notice of Removal of this action from the Vanderburgh Circuit Court to the

United States District Court for the Southern District of Indiana, Evansville Division. In support

of this Notice of Removal, Defendants state as follows:

1.      On December 20, 2024, a civil action was commenced by Plaintiffs in the Circuit

Court of Vanderburgh County in Evansville, Indiana. This action is designated as 82C01-2412-

CT-7455. The Complaint asserted a state law claim against the City of Evansville and Fourth

Amendment Excessive Force claim against John Does 1-5.

2.      On December 20, 2024, Defendants received Plaintiffs' Complaint for Damages and Jury Trial Demand. A true and correct copy of Plaintiffs' Complaint is attached hereto as **Exhibit A.**

3.      On or about January 28, 2025, Plaintiffs filed a three count First Amended Complaint ("Complaint") captioned *LeeAnn Puckett as the Personal Representative of the Estate of Kyle Puckett, and Salea Gossman on behalf of and as next friend of her natural daughter, N.P. v. City of Evansville and Brenton Sumrall, Nathan Pitt, Kyle Dennis, Jeremy McCreary and Blake Hollins,* Cause No. 82C01-2412-CT-7455, in the Vanderburgh Circuit Court. Plaintiffs allege that Defendants used excessive deadly force causing his death and loss of familial relations in violation of 42 U.S.C. § 1983, as well as a related state and common law claim. A true and correct copy of Plaintiffs' First Amended Complaint is attached hereto as **Exhibit B.**

4.      Filing of this Notice of Removal is timely pursuant to 28 U.S.C. §1446(b). Defendants served this Notice of Removal within thirty (30) days of having been served with, or otherwise receiving, a copy of Plaintiffs' First Amended Complaint. *See* U.S.C. §1446(b).

5.      In compliance with the provisions of 28 U.S.C. §1446(b) and Local Rule 81-2, copies of all process, pleadings and orders received in this action by Defendants are attached as **Exhibit C**.

6.      28 U.S.C. § 1441(a) provides that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district of the United States for the district and division embracing the place where such action is pending."

7.      Pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1367 the United States District Court for the Southern District of Indiana has original and supplemental jurisdiction

over this matter as it arises under the Constitution, laws, or treaties of the United States and the state and common law claims are so related to the claim under 42 U.S.C. § 1983 that they form part of the same case or controversy.  Accordingly, removal is appropriate.

8.    Defendants were served with the Amended Complaint on February 13, 2025. Accordingly, this Notice of Removal is being filed within 30 days of service of a copy of the initial pleading setting forth the claims for relief upon which such action is based and, therefore, is timely under 28 U.S.C. § 1446(b).

9.    Upon filing this Notice of Removal, Defendants will promptly provide a copy of this Notice of Removal to Plaintiffs and will file a copy of this Notice of Removal with the Clerk of Courts for Vanderburgh County, Indiana.

10.    A civil cover sheet (JS 44) and the filing fee is electronically submitted herewith.

WHEREFORE, the Defendants file their Notice of Removal removing the above-captioned action from the Vanderburgh Circuit Court to the United States District Court for the Southern District of Indiana, Evansville Division.

Respectfully submitted,

Ziemer, Stayman, Weitzel & Shoulders, LLP

*/s/ Karey L. Cain*
Robert L. Burkart #16664-82
Karey L. Cain #38044-82
Andrew C. Boykin #38790-54
20 N. W. First Street, 9th Floor
Evansville, IN 47706-0916
Tel. No. (812) 424-7575
Fax No. (812) 421-5089
E-mail:    rburkart@zsws.com
            kcain@zsws.com
            aboykin@zsws.com
*Attorneys for the Defendants*

3

## CERTIFICATE OF SERVICE

I certify that on the 19th day of February, 2025, a copy of the foregoing **Notice of Removal** was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system

Joseph N. Williams
joe@williamsgroup.law


*/s/ Karey L. Cain*
Karey L. Cain

EXHIBIT A

**82C01-2412-CT-007455**

Vanderburgh Circuit Court

Filed: 12/20/2024 10:47 AM
Clerk
Vanderburgh County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | SS: | VANDERBURGH CIRCUIT COURT |
| COUNTY OF VANDERBURGH | | CAUSE NO. |

**LeeAnn Puckett** as the Personal Representative of the Estate of Kyle Puckett,

      Plaintiff,

v.

**City of Evansville** and **John Does 1-5**,

      Defendants.

**Plaintiff's Complaint for Damages and Jury Trial Demand**

Plaintiff LeeAnn Puckett as Personal Representative of the Estate of Kyle Puckett, by and through counsel, brings this case against Defendants City of Evansville and John Does 1-5, alleging the following:

## Introduction

1.      This case arises from the unjustified fatal shooting of Kyle Puckett by Evansville Police Department officers on July 2, 2024. In a tragic example of excessive force, officers shot and killed Mr. Puckett as he sat unarmed on his own back porch, moments after he had voluntarily disarmed himself.

2.      Despite Mr. Puckett having placed both his rifle and handgun out of reach, and while he was simply reaching for his porch railing, multiple officers stationed along U.S. 41 opened fire, killing him without warning or justification. Mr. Puckett's death exemplifies the devastating consequences of officers' failure to

1

EXHIBIT A

properly handle mental health crises and their rush to use deadly force when faced with a citizen who had already demonstrated his willingness to de-escalate. This civil rights action seeks to hold accountable both the individual officers who took Mr. Puckett's life and their employer, the City of Evansville.

3.      Plaintiff has complied with the Notice of Tort Claim for Personal Injury or Property Damage requirement under Indiana Code §§ 34-13-3 *et seq*. Plaintiff served a Notice of Tort Claim on the Defendant City of Evansville on September 16, 2024, and at least ninety (90) days have passed since that time. The City did not respond. Therefore, Plaintiff's Notice is deemed denied by operation of law. Ind. Code § 34-13-3-11.

## Parties

4.      Plaintiff LeeAnn Puckett is the Personal Representative of the Estate of Kyle Puckett. The Estate was opened in Vanderburgh County and Ms. Puckett is domiciled in Evansville, Indiana, within this judicial district.

5.      The City of Evansville is a municipality located within Vanderburgh County, Indiana.

6.      John Does 1-5 are Evansville police officers who fired the shots killing Kyle Puckett.

## Facts Relevant to All Claims

7.      On July 2, 2024, Kyle Puckett was fatally shot while sitting on the porch of his home.

EXHIBIT A

8.      At approximately 5:17 p.m., Mr. Puckett called 911 and made vague statements about a "criminal operation" that he would "deal with himself."

9.      When officers arrived at his home, Mr. Puckett was sitting in a truck. After an officer approached the truck, Mr. Puckett got out and demanded the officer leave the property. Mr. Puckett was armed.

10.     Officers positioned themselves along U.S. 41 with rifles aimed at Mr. Puckett while he remained on the back porch of his home.

11.     Mr. Puckett eventually stood up and placed the rifle he was carrying inside and shut the door. He then put his handgun on the ground in front of him.

12.     After putting the handgun on the ground, he reached for the railing on his porch. He was then shot by Defendants John Does 1-5 that were stationed along U.S. 41. At the time he was shot, Mr. Puckett was unarmed and was not reaching for the handgun he had placed on the ground.

13.     Mr. Puckett died from the gunshot wounds.

## Count I
(Excessive Force in violation of the Fourth Amendment to the United States Constitution against John Does 1-5 pursuant to 42 U.S.C. § 1983)

14.     Plaintiff incorporates the prior rhetorical paragraphs as if fully restated herein.

15.     At all relevant times, Defendants John Does 1-5 were acting under color of state law as police officers employed by the City of Evansville.

16.     The Fourth Amendment's protection against unreasonable seizures includes the right to be free from excessive force.

3

EXHIBIT A

17.    Kyle Puckett had a clearly established right to be free from excessive force.

18.    Defendants John Does 1-5 used deadly force against Kyle Puckett when he was unarmed and not posing an immediate threat to the officers or others.

19.    The use of deadly force against Kyle Puckett was objectively unreasonable under the circumstances because:

    a.  He had voluntarily disarmed himself;

    b.  He was not reaching for any weapons when he was shot;

    c.  He was not threatening officers or others at the time force was used;

    d.  He was on his own property;

    e.  Less lethal alternatives were available.

20.    As a direct and proximate result of Defendants' actions, Kyle Puckett suffered severe physical and emotional pain before his death and was, in fact, deprived of his life.

21.    Defendants' conduct was willful, wanton, and in reckless disregard of Kyle Puckett's constitutional rights, justifying punitive damages.

## **Count II**
(State law assault and battery pled against the City of Evansville)

22.    Plaintiff incorporates the prior rhetorical paragraphs as if fully restated herein.

23.    Defendants John Does 1-5 intentionally fired their weapons at Kyle Puckett without legal justification, causing harmful and offensive contact with Kyle Puckett.

24.    The actions of the individual Defendants were objectively unreasonable under the circumstances.

25.    The actions of the individual Defendants were undertaken within the scope of their employment with the Evansville Police Department and the City of Evansville.

26.    The City of Evansville is liable for the torts committed by its employees, in this case, Evansville police officers.

27.    As a result of the actions of the individual Defendants, Kyle Puckett suffered emotional harm and physical injuries, including but in no way limited to his wrongful death.

**Wherefore**, Plaintiff, by counsel, respectfully requests this Court to:

A.    Enter judgment in its favor and against Defendants John Does 1-5 on Count I of this Complaint;

B.    Enter judgment in its favor and against Defendant City of Evansville on Count II of this Complaint;

C.    Award compensatory damages in an amount to be determined at trial;

D.    Award punitive damages against the individual Defendants John Does 1-5 in an amount to be determined at trial;

E.    Award reasonable attorney's fees and costs;

F.     Award pre-judgment and post-judgment interest; and,

G.     Grant all other just and appropriate relief in the premises.

Respectfully submitted,

WILLIAMS LAW GROUP, LLC

/s/ *Joseph N. Williams*
Joseph N. Williams (#25874-49)
1101 N. Delaware St., Suite 200
Indianapolis, Ind. 46202
Telephone:   (317) 633-5270
Facsimile:   (317) 426-3348
Email:        joe@williamsgroup.law

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, by counsel, and respectfully requests that this cause and the issues raised in this Complaint be tried before a jury pursuant to Rule 38 of the Indiana Rules of Trial Procedure.

/s/ *Joseph N. Williams*
Joseph N. Williams

Filed: 1/28/2025 10:30 AM
Vanderburgh Circuit Court
Vanderburgh County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | SS: | VANDERBURGH CIRCUIT COURT |
| COUNTY OF VANDERBURGH | | CAUSE NO. 82C01-2412-CT-007455 |

**LeeAnn Puckett** as the Personal Representative of the Estate of Kyle Puckett, and **Salea Gossman** on behalf of and as next friend of her natural daughter, N.P.,

       Plaintiffs,

v.

**City of Evansville, Brenton Sumrall, Nathan Pitt, Kyle Dennis, Jeremy McCrarey,** and **Blake Hollins**,

       Defendants.

## Plaintiffs' First Amended Complaint for Damages and Jury Trial Demand

Pursuant to Rule 15(A) of the Indiana Rules of Trial Procedure, Plaintiff LeeAnn Puckett as Personal Representative of the Estate of Kyle Puckett, and Plaintiff Salea Gossman on behalf of and as next friend of her natural daughter, N.P., by and through counsel, bring this First Amended Complaint against Defendants City of Evansville and Brenton Sumrall, Nathan Pitt, Kyle Dennis, Jeremy McCrarey, and Blake Hollins.[1]

---

[1] Trial Rule 15(A) states that a party "may amend his pleading once as a matter of course at any time before a responsive pleading is served … ." Because no responsive pleading has been served, Plaintiff is entitled to amend her complaint as a matter of right and without leave of court.

EXHIBIT B

## Introduction

1.      This case arises from the unjustified fatal shooting of Kyle Puckett by Evansville Police Department officers on July 2, 2024. In a tragic example of excessive force, officers shot and killed Mr. Puckett as he sat unarmed on his own back porch, moments after he had voluntarily disarmed himself.

2.      Despite Mr. Puckett having placed both his rifle and handgun out of reach, and while he was simply reaching for his porch railing, multiple officers stationed along U.S. 41 opened fire, killing him without warning or justification. Mr. Puckett's death exemplifies the devastating consequences of officers' failure to properly handle mental health crises and their rush to use deadly force when faced with a citizen who had already demonstrated his willingness to de-escalate. This civil rights action seeks to hold accountable both the individual officers who took Mr. Puckett's life and their employer, the City of Evansville.

3.      Plaintiff has complied with the Notice of Tort Claim for Personal Injury or Property Damage requirement under Indiana Code §§ 34-13-3 *et seq.* Plaintiff served a Notice of Tort Claim on the Defendant City of Evansville on September 16, 2024, and at least ninety (90) days have passed since that time. The City did not respond. Therefore, Plaintiff's Notice is deemed denied by operation of law. Ind. Code § 34-13-3-11.

EXHIBIT B

## Parties

4.      Plaintiff LeeAnn Puckett is the Personal Representative of the Estate of Kyle Puckett. The Estate was opened in Vanderburgh County and Ms. Puckett is domiciled in Evansville, Indiana, within this judicial district.

5.      N.P. is Kyle Puckett's biological daughter. Her claims are being prosecuted by N.P.'s biological mother, Plaintiff Salea Gossman. Ms. Gossman is domiciled in Evansville, Indiana within this judicial district.

6.      The City of Evansville is a municipality located within Vanderburgh County, Indiana.

7.      Brenton Sumrall, Nathan Pitt, Kyle Dennis, Jeremy McCrarey, and Blake Hollins were the police officers who fired the shots killing Kyle Puckett (referred to as the "Defendant Police Officers").

## Facts Relevant to All Claims

8.      On July 2, 2024, Kyle Puckett was fatally shot while sitting on the porch of his home.

9.      At approximately 5:17 p.m., Mr. Puckett called 911 and made vague statements about a "criminal operation" that he would "deal with himself."

10.      When officers arrived at his home, Mr. Puckett was sitting in a truck. After an officer approached the truck, Mr. Puckett got out and demanded the officer leave the property. Mr. Puckett was armed.

11.      Officers positioned themselves along U.S. 41 with rifles aimed at Mr. Puckett while he remained on the back porch of his home.

EXHIBIT B

12.    Mr. Puckett eventually stood up and placed the rifle he was carrying inside and shut the door. He then put his handgun on the ground in front of him.

13.    After putting the handgun on the ground, he reached for the railing on his porch. He was then shot by the Defendant Police Officers that were stationed along U.S. 41. At the time he was shot, Mr. Puckett was unarmed and was not reaching for the handgun he had placed on the ground.

14.    Mr. Puckett died from the gunshot wounds.

## Count I
(Estate of Kyle Puckett's claim for excessive force against
the Defendant Police Officers pursuant to 42 U.S.C. § 1983)

15.    Plaintiff Estate of Kyle Puckett incorporates the prior rhetorical paragraphs as if fully restated herein.

16.    At all relevant times, the Defendant Police Officers were acting under color of state law as police officers employed by the City of Evansville.

17.    The Fourth Amendment's protection against unreasonable seizures includes the right to be free from excessive force.

18.    Kyle Puckett had a clearly established right to be free from excessive force.

19.    The Defendant Police Officers used deadly force against Kyle Puckett when he was unarmed and not posing an immediate threat to the officers or others.

20.    The use of deadly force against Kyle Puckett was objectively unreasonable under the circumstances because:

   a.  He had voluntarily disarmed himself;

4

EXHIBIT B

    b.  He was not reaching for any weapons when he was shot;

    c.  He was not threatening officers or others at the time force was used;

    d.  He was on his own property;

    e.  Less lethal alternatives were available.

21.    As a direct and proximate result of the Defendant Police Officers' actions, Kyle Puckett suffered severe physical and emotional pain before his death and was, in fact, deprived of his life.

22.    The Defendant Police Officers' conduct was willful, wanton, and in reckless disregard of Kyle Puckett's constitutional rights, justifying punitive damages.

### Count II
(Estate of Kyle Puckett's claim for state law assault
and battery pled against the City of Evansville)

23.    Plaintiff Estate of Kyle Puckett incorporates the prior rhetorical paragraphs as if fully restated herein.

24.    The Defendant Police Officers intentionally fired their weapons at Kyle Puckett without legal justification, causing harmful and offensive contact with Kyle Puckett.

25.    The actions of the individual Defendant Police Officers were objectively unreasonable under the circumstances.

26.    The actions of the individual Defendant Police Officers were undertaken within the scope of their employment with the Evansville Police Department and the City of Evansville.

27.     The City of Evansville is liable for the torts committed by its employees, in this case, Evansville police officers.

28.     As a result of the actions of the individual Defendant Police Officers, Kyle Puckett suffered emotional harm and physical injuries, including but in no way limited to his wrongful death.

## Count III
(N.P.'s claim for loss of familial relations against
the Defendant Police Officers pursuant to 42 U.S.C. § 1983)

29.     Plaintiff Salea Gossman as next friend of and on behalf of N.P. incorporates the prior rhetorical paragraphs as if fully restated herein.

30.     At all relevant times, the Defendant Police Officers were acting under color of state law as police officers employed by the City of Evansville.

31.     At the time of his death, Kyle Puckett was the father of minor child N.P., who brings this claim through her mother and next friend, Salea Gossman.

32.     The Constitution protects the fundamental right of a child to maintain a relationship with her parent without governmental interference.

33.     Through their objectively unreasonable use of deadly force as described above, the Defendant Police Officers deprived N.P. of her constitutionally protected liberty interest in her familial relationship with her father.

34.     The actions of the Defendant Police Officers were undertaken with deliberate indifference to N.P.'s constitutional rights and the devastating impact their actions would have on her relationship with her father.

35.    As a direct and proximate result of the Defendant Police Officers' actions, N.P. has suffered the permanent deprivation of her father's love, companionship, comfort, support, guidance, and society, as well as severe emotional distress and mental anguish.

36.    The Defendant Police Officers conduct was willful, wanton, and undertaken in reckless disregard of N.P.'s constitutional rights, justifying punitive damages.

**Wherefore**, Plaintiffs, by counsel, respectfully requests this Court to:

A.    Enter judgment in favor of the Estate and against the Defendant Police Officers on Count I of this Complaint;

B.    Enter judgment in the Estate's favor and against Defendant City of Evansville on Count II of this Complaint;

C.    Enter judgment in N.P.'s favor and against the Defendant Police Officers on Count III of this Complaint;

D.    Award compensatory damages in an amount to be determined at trial;

E.    Award punitive damages against the Defendant Police Officers in an amount to be determined at trial;

F.    Award reasonable attorney's fees and costs;

G.    Award pre-judgment and post-judgment interest; and,

H.    Grant all other just and appropriate relief in the premises.

EXHIBIT B

Respectfully submitted,

WILLIAMS LAW GROUP, LLC


/s/ *Joseph N. Williams*
Joseph N. Williams (#25874-49)
1101 N. Delaware St., Suite 200
Indianapolis, Ind. 46202
Telephone:   (317) 633-5270
Facsimile:   (317) 426-3348
Email:         joe@williamsgroup.law



## **DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, by counsel, and respectfully requests that this cause and the issues raised in this Complaint be tried before a jury pursuant to Rule 38 of the Indiana Rules of Trial Procedure.



/s/ *Joseph N. Williams*
Joseph N. Williams

8

EXHIBIT C

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## LeeAnn Puckett v. City of Evansville, John Does 1-5

| | |
|---|---|
| Case Number | 82C01-2412-CT-007455 |
| Court | Vanderburgh Circuit Court |
| Type | CT - Civil Tort |
| Filed | 12/20/2024 |
| Status | 12/20/2024 , Pending  (active) |

### Parties to the Case

Defendant   City of Evansville

Address          Civic Center Complex
1 NW Martin Luther King, Jr. Blvd
Evansville, IN 47708

Defendant   Does 1-5, John

Address          c/o Chief Smith of Evansville Police Department
15 NW Martin Luther King, Jr. Blvd.
Evansville, IN 47708

Defendant   Sumrall, Brenton

Defendant   Pitt, Nathan

Defendant   Dennis, Kyle

Defendant   McCrarey, Jeremy

Defendant   Hollins, Blake

Plaintiff      Puckett, LeeAnn

EXHIBIT C

|  |  |
|---|---|
| Attorney | Joseph Nicholas Williams |
|  | *#2587449, Retained* |
|  | Williams Law Group, LLC |
|  | 1101 N. Delaware St. |
|  | Suite 200 |
|  | Indianapolis, IN 46202 |
|  | 317-633-5270(W) |

Plaintiff     Gossman, Salea

|  |  |
|---|---|
| Attorney | Joseph Nicholas Williams |
|  | *#2587449, Retained* |
|  | Williams Law Group, LLC |
|  | 1101 N. Delaware St. |
|  | Suite 200 |
|  | Indianapolis, IN 46202 |
|  | 317-633-5270(W) |

## Chronological Case Summary

**12/20/2024**  **Case Opened as a New Filing**

**12/20/2024**  **Appearance Filed**
Appearance by Attorney in Civil Case

| For Party: | Puckett, LeeAnn |
|---|---|
| File Stamp: | 12/20/2024 |

**12/20/2024**  **Complaint/Equivalent Pleading Filed**
Complaint for Damages and Request for Jury Trial

| Filed By: | Puckett, LeeAnn |
|---|---|
| File Stamp: | 12/20/2024 |

**12/20/2024**  **Subpoena/Summons Filed**
Summons for City of Evansville

| Filed By: | Puckett, LeeAnn |
|---|---|
| File Stamp: | 12/20/2024 |

EXHIBIT C

| 12/20/2024 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Summons for City of Evansville (2) | |
| | Filed By: | Puckett, LeeAnn |
| | File Stamp: | 12/20/2024 |

| 12/20/2024 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Summons for John Does 1-5 | |
| | Filed By: | Puckett, LeeAnn |
| | File Stamp: | 12/20/2024 |

| 12/20/2024 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Summons for John Does 1-5 (2) | |
| | Filed By: | Puckett, LeeAnn |
| | File Stamp: | 12/20/2024 |

| 01/28/2025 | **Appearance Filed** | |
|---|---|---|
| | Appearance of Joseph N. Williams - Private | |
| | For Party: | Gossman, Salea |
| | File Stamp: | 01/28/2025 |

| 01/28/2025 | **Amended Pleading Filed** | |
|---|---|---|
| | Plaintiff's First Amended Complaint for Damages and Jury Trial Demand | |
| | Filed By: | Puckett, LeeAnn |
| | Filed By: | Gossman, Salea |
| | File Stamp: | 01/28/2025 |

## Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**Puckett, LeeAnn**
Plaintiff

**Balance Due** (as of 02/15/2025)
**0.00**

**Charge Summary**

EXHIBIT C

Summary - MyCase

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 232.00 | 0.00 | 232.00 |

Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 12/20/2024 | Transaction Assessment | 232.00 |
| 12/20/2024 | Electronic Payment | (232.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

EXHIBIT C

**82C01-2412-CT-007455**

Vanderburgh Circuit Court

# SUMMONS

Filed: 12/20/2024 10:47 AM
Clerk
Vanderburgh County, Indiana

LeeAnn Puckett as the Personal Representative of the
Estate of Kyle Puckett, Deceased,
                 Plaintiff

   -vs-

City of Evansville and John Does 1-5
                Defendants

In the Vanderburgh Circuit Court

Cause No.

TO DEFENDANT:      City of Evansville
                        c/o Mayor Stephanie Terry
                        Civic Center Complex
                        1 NW Martin Luther King, Jr. Blvd.
                        Evansville, Indiana 47708

       You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

       The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the plaintiff.

       An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

       If you have a claim for relief against the plaintiffs arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: _____12/20/2024_____

_____ *Marsha Abell* _____ (Seal)
                           Clerk, Vanderburgh Superior Court

SEAL

       (The following manner of service of summons is hereby designated.)

    _X_         Registered or certified mail.
    _____      Service at place of employment, to-wit:
    _____      Service on individual - (Personal or copy) at above address.
    _____      Service on agent (Specify)
    _____      Other service.  (Specify)

Joseph N. Williams (#25874-49)
WILLIAMS LAW GROUP, LLC
1101 North Delaware Street
Suite 200
Indianapolis, Indiana 46202
Telephone: (317) 633-5270
Fax: (317) 426-3348
*Counsel for Plaintiff*

EXHIBIT C

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the ___ day of _____, 2024:

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant,_____

(2) By leaving a copy of the Summons and a copy of the complaint at_____

which is the dwelling place or usual place of abode of_____

and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks:_____

_____

_____                    _____
Sheriff's Costs                                       Sheriff

                                                      By:_____
                                                           Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the ___ day of _____, 2024, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                                                      _____
                                                      Clerk, Vanderburgh Superior Court

Dated: _____, 2024.                       By:_____
                                                           Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____, was accepted by the defendant on the _____ day of _____, 2024.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint were returned not accepted on the _____ day of _____, 2024.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____, was accepted by _____, on behalf of said defendant on the _____ day of _____, 2024.

                                                      _____
                                                      Clerk, Vanderburgh Superior Court

                                                      By:_____
                                                           Deputy

EXHIBIT C

**82C01-2412-CT-007455**
**Vanderburgh Circuit Court**

Filed: 12/20/2024 10:47 AM
Clerk
Vanderburgh County, Indiana

| | |
|---|---|
| STATE OF INDIANA | VANDERBURGH CIRCUIT COURT |
| SS: | |
| COUNTY OF VANDERBURGH | CAUSE NO. |

**LeeAnn Puckett** as the Personal Representative of the Estate of Kyle Puckett,

      Plaintiff,

v.

**City of Evansville** and **John Does 1-5**,

      Defendants.

**Plaintiff's Complaint for Damages and Jury Trial Demand**

Plaintiff LeeAnn Puckett as Personal Representative of the Estate of Kyle Puckett, by and through counsel, brings this case against Defendants City of Evansville and John Does 1-5, alleging the following:

### Introduction

1.     This case arises from the unjustified fatal shooting of Kyle Puckett by Evansville Police Department officers on July 2, 2024. In a tragic example of excessive force, officers shot and killed Mr. Puckett as he sat unarmed on his own back porch, moments after he had voluntarily disarmed himself.

2.     Despite Mr. Puckett having placed both his rifle and handgun out of reach, and while he was simply reaching for his porch railing, multiple officers stationed along U.S. 41 opened fire, killing him without warning or justification. Mr. Puckett's death exemplifies the devastating consequences of officers' failure to

1

properly handle mental health crises and their rush to use deadly force when faced with a citizen who had already demonstrated his willingness to de-escalate. This civil rights action seeks to hold accountable both the individual officers who took Mr. Puckett's life and their employer, the City of Evansville.

3.      Plaintiff has complied with the Notice of Tort Claim for Personal Injury or Property Damage requirement under Indiana Code §§ 34-13-3 *et seq.* Plaintiff served a Notice of Tort Claim on the Defendant City of Evansville on September 16, 2024, and at least ninety (90) days have passed since that time. The City did not respond. Therefore, Plaintiff's Notice is deemed denied by operation of law. Ind. Code § 34-13-3-11.

### Parties

4.      Plaintiff LeeAnn Puckett is the Personal Representative of the Estate of Kyle Puckett. The Estate was opened in Vanderburgh County and Ms. Puckett is domiciled in Evansville, Indiana, within this judicial district.

5.      The City of Evansville is a municipality located within Vanderburgh County, Indiana.

6.      John Does 1-5 are Evansville police officers who fired the shots killing Kyle Puckett.

### Facts Relevant to All Claims

7.      On July 2, 2024, Kyle Puckett was fatally shot while sitting on the porch of his home.

2

8.     At approximately 5:17 p.m., Mr. Puckett called 911 and made vague statements about a "criminal operation" that he would "deal with himself."

9.     When officers arrived at his home, Mr. Puckett was sitting in a truck. After an officer approached the truck, Mr. Puckett got out and demanded the officer leave the property. Mr. Puckett was armed.

10.    Officers positioned themselves along U.S. 41 with rifles aimed at Mr. Puckett while he remained on the back porch of his home.

11.    Mr. Puckett eventually stood up and placed the rifle he was carrying inside and shut the door. He then put his handgun on the ground in front of him.

12.    After putting the handgun on the ground, he reached for the railing on his porch. He was then shot by Defendants John Does 1-5 that were stationed along U.S. 41. At the time he was shot, Mr. Puckett was unarmed and was not reaching for the handgun he had placed on the ground.

13.    Mr. Puckett died from the gunshot wounds.

### Count I
(Excessive Force in violation of the Fourth Amendment to the United States Constitution against John Does 1-5 pursuant to 42 U.S.C. § 1983)

14.    Plaintiff incorporates the prior rhetorical paragraphs as if fully restated herein.

15.    At all relevant times, Defendants John Does 1-5 were acting under color of state law as police officers employed by the City of Evansville.

16.    The Fourth Amendment's protection against unreasonable seizures includes the right to be free from excessive force.

3

EXHIBIT C

17.     Kyle Puckett had a clearly established right to be free from excessive force.

18.     Defendants John Does 1-5 used deadly force against Kyle Puckett when he was unarmed and not posing an immediate threat to the officers or others.

19.     The use of deadly force against Kyle Puckett was objectively unreasonable under the circumstances because:

    a.  He had voluntarily disarmed himself;

    b.  He was not reaching for any weapons when he was shot;

    c.  He was not threatening officers or others at the time force was used;

    d.  He was on his own property;

    e.  Less lethal alternatives were available.

20.     As a direct and proximate result of Defendants' actions, Kyle Puckett suffered severe physical and emotional pain before his death and was, in fact, deprived of his life.

21.     Defendants' conduct was willful, wanton, and in reckless disregard of Kyle Puckett's constitutional rights, justifying punitive damages.

## Count II
(State law assault and battery pled against the City of Evansville)

22.     Plaintiff incorporates the prior rhetorical paragraphs as if fully restated herein.

4

EXHIBIT C

23.     Defendants John Does 1-5 intentionally fired their weapons at Kyle Puckett without legal justification, causing harmful and offensive contact with Kyle Puckett.

24.     The actions of the individual Defendants were objectively unreasonable under the circumstances.

25.     The actions of the individual Defendants were undertaken within the scope of their employment with the Evansville Police Department and the City of Evansville.

26.     The City of Evansville is liable for the torts committed by its employees, in this case, Evansville police officers.

27.     As a result of the actions of the individual Defendants, Kyle Puckett suffered emotional harm and physical injuries, including but in no way limited to his wrongful death.

**Wherefore,** Plaintiff, by counsel, respectfully requests this Court to:

A.     Enter judgment in its favor and against Defendants John Does 1-5 on Count I of this Complaint;

B.     Enter judgment in its favor and against Defendant City of Evansville on Count II of this Complaint;

C.     Award compensatory damages in an amount to be determined at trial;

D.     Award punitive damages against the individual Defendants John Does 1-5 in an amount to be determined at trial;

E.     Award reasonable attorney's fees and costs;

5

F.    Award pre-judgment and post-judgment interest; and,

G.    Grant all other just and appropriate relief in the premises.

Respectfully submitted,

WILLIAMS LAW GROUP, LLC

/s/ Joseph N. Williams
Joseph N. Williams (#25874-49)
1101 N. Delaware St., Suite 200
Indianapolis, Ind. 46202
Telephone:   (317) 633-5270
Facsimile:    (317) 426-3348
Email:         joe@williamsgroup.law

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, by counsel, and respectfully requests that this cause and the issues raised in this Complaint be tried before a jury pursuant to Rule 38 of the Indiana Rules of Trial Procedure.

/s/ Joseph N. Williams
Joseph N. Williams

6

EXHIBIT C

**WILLIAMS**
LAW GROUP, LLC
1101 N. Delaware Street, Suite 200
Indianapolis, IN 46202



CERTIFIED MAIL

INDIANAPOLIS IN 460
21 DEC 2024 PM 7 L

9589 0710 5270 1264 4135 72



$9.64
US POSTAGE IMI
FIRST-CLASS
063S0014950434
FROM 46202

City of Evansville
c/o Mayor Stephanie Terry
Civic Center Complex
1 NW Martin Luther King, Jr. Blvd.
Evansville, Indiana 47708

47708-183375

EXHIBIT C

**82C01-2412-CT-007455**
**Vanderburgh Circuit Court**
# SUMMONS

Filed: 12/20/2024 10:47 AM
Clerk
Vanderburgh County, Indiana

LeeAnn Puckett as the Personal Representative of the
Estate of Kyle Puckett, Deceased,
Plaintiff

-vs-

City of Evansville and John Does 1-5
Defendants

In the Vanderburgh Circuit Court

Cause No.

TO DEFENDANTS:    John Does 1-5
c/o Corporation Counsel
Civic Center Complex
1 NW Martin Luther King, Jr. Blvd.
Evansville, Indiana 47708

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiffs arising from the same transaction or occurrence, you must assert it in your written answer.

Dated:    12/20/2024

_Marsha Abell Barnhart_

(Seal)

Clerk, Vanderburgh Superior Court

**SEAL**

(The following manner of service of summons is hereby designated.)

| | |
|---|---|
| __X__ | Registered or certified mail. |
| _____ | Service at place of employment, to-wit: |
| _____ | Service on individual - (Personal or copy) at above address. |
| _____ | Service on agent (Specify) |
| _____ | Other service.  (Specify) |

Joseph N. Williams (#25874-49)
WILLIAMS LAW GROUP, LLC
1101 North Delaware Street
Suite 200
Indianapolis, Indiana 46202
Telephone: (317) 633-5270
Fax: (317) 426-3348
*Counsel for Plaintiff*

EXHIBIT C

# SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the ___ day of _____, 2024:

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant,_____
(2) By leaving a copy of the Summons and a copy of the complaint at_____
which is the dwelling place or usual place of abode of_____
and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks:_____
_____

_____          _____
Sheriff's Costs                                                        Sheriff

                                                          By:_____
                                                                        Deputy

# CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the ___ day of _____, 2024, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                                                          _____
                                                          Clerk, Vanderburgh Superior Court

Dated: _____, 2024.          By:_____
                                                                        Deputy

# RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____, was accepted by the defendant on the _____ day of _____, 2024.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint were returned not accepted on the _____ day of _____, 2024.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____, was accepted by _____, on behalf of said defendant on the _____ day of _____, 2024.

                                                          _____
                                                          Clerk, Vanderburgh Superior Court

                                                          By:_____
                                                                        Deputy